IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN FISHER,

     Plaintiff,                   No. 2:13-cv-0642 AC P

     vs.

R. CAPPEL, et al.,

     Defendants.             <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This case was transferred in from the Northern District on April 2, 2013.[1] ECF No. 5. By Order filed on April 4, 2013 (ECF No. 7), plaintiff was directed to file his in forma pauperis application on the form appropriate for this district.

---

[1] The transfer order states that the allegations of the complaint concern events at Kern Valley State Prison and California State Prison-Vacaville, but plaintiff's allegations within the body of the complaint concern only events at CSP-Vacaville. ECF No. 4. However, the exhibits attached to the complaint appear to concern another inmate altogether, one who is or was allegedly housed at Kern Valley State Prison. The court will disregard the irrelevant exhibits.

1

1     Plaintiff has submitted a declaration that makes the showing required by 28
2  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
3     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
4  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee
5  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will
6  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
7  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly
8  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
9  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court
10 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
11 U.S.C. § 1915(b)(2).
12    The court is required to screen complaints brought by prisoners seeking relief
13 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
14 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
15 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
16 be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
17 U.S.C. § 1915A(b)(1),(2).
18    A claim is legally frivolous when it lacks an arguable basis either in law or in
19 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
20 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
21 indisputably meritless legal theory or where the factual contentions are clearly baseless.
22 Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
23 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
24 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
25    A complaint must contain more than a "formulaic recitation of the elements of a
26 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

2

speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## EIGHTH AMENDMENT CLAIM

The complaint alleges that plaintiff was placed on a Yard where he was unsafe, and that he suffered significant injuries at the hands of other inmates as a result. "'[P]rison officials have a duty. . . to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'. . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

1     Allegations Regarding Defendant Cappel

2     Petitioner alleges that defendant Cappel placed plaintiff on Yard 1 knowing that
3 the presence of enemies made that yard dangerous for plaintiff.  According to the complaint,
4 Cappel made statements expressing callous disregard for plaintiff's safety.  As the result of
5 Cappel's yard assignment, plaintiff was assaulted and seriously injured.  These allegations state a
6 colorable claim for relief against defendant Cappel for a failure to protect plaintiff in violation of
7 the Eighth Amendment.

8     Allegations Regarding Defendant Swarthout

9     Plaintiff's claim against defendant Swarthout is more tenuous.  Plaintiff alleges
10 that defendant Swarthout had originally designated plaintiff for the yard plaintiff found safer,
11 Yard 2, and actually released plaintiff to "Only 2 Facility."  Complaint, p. 6.  Although plaintiff
12 cites an exhibit to support this claim, as noted, the only exhibits attached to this complaint
13 concern a different inmate, thus, no support for this complaint is contained in the exhibits.
14 Plaintiff appears to be stating that defendant Swarthout initially ordered plaintiff to be placed on
15 Yard 2 but this was countermanded, unbeknownst to Swarthout, by defendant Cappel when
16 plaintiff was before a classification committee.  Id. at 6.  Plaintiff also alleges that despite having
17 initially directed that plaintiff be placed on Yard 2, defendant Swarthout was a member of the
18 committee which placed plaintiff on Yard 1.  Id. at 8.[2]

19    Plaintiff's allegations regarding defendant Swarthout are sufficiently
20 contradictory, or at least confusing, that the complaint fails to provide fair notice of the nature of
21 the claim against him.  Rule 8 of the Federal Rules of Civil Procedure requires "sufficient
22 allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block,
23 932 F.2d 795, 798 (9th Cir. 1991)).  Therefore, plaintiff's allegations of an Eighth Amendment

---

[2] Finally, plaintiff alleges that defendant Swarthout denied him due process in the appeal process by reviewing his 602 appeal, in violation of a prison regulation, regarding the placement when he was a member of the committee who made the placement.  Id.  This issue is discussed separately, below.

4

violation against defendant Swarthout will be dismissed but plaintiff will be granted leave to amend.

### Allegations Regarding Defendant Rosario

Plaintiff makes no allegation that defendant Rosario was involved in his placement on Yard 1. The claim that Rosario violated plaintiff's Eighth Amendment rights must be dismissed, as plaintiff has not linked any action by this defendant to the alleged constitutional deprivation that he suffered. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### DUE PROCESS CLAIM

To the extent plaintiff seeks to state a due process claim predicated on defendant Swarthout's alleged response to a grievance filed by plaintiff, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary

5

incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).[3]  Plaintiff's due process claim against defendant Swarthout will be dismissed but plaintiff will be granted leave to amend.

### RETALIATION CLAIM

Plaintiff's claims of retaliation by all three defendants fail as a matter of law. Plaintiff alleges in conclusory terms that defendant Rosario retaliated against him by filing "bogus" CDC-115 rule violation reports against him, with insufficient supporting factual allegations. Complaint at 6. Plaintiff claims that his placement in Yard 1 constituted retaliation by defendant Capel to teach him a lesson about disrespecting officers. Id. Plaintiff does not specifically allege retaliatory acts by defendant Swarthout.

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation *for the exercise of protected conduct* was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369 [] (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493[] (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222[] (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472 (1995)).

Plaintiff frames no claim of retaliation because he does not allege that any defendant has sought to punish, or retaliate against, him because of his exercise of constitutionally protected conduct. "Retaliation" based on personal animosity or for an inmate's disciplinary history is not a constitutional claim cognizable under § 1983. Plaintiff's claims of retaliation must be dismissed but plaintiff is granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect... .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

7

defendant must be sufficiently alleged.

Plaintiff is admonished to attach as exhibits only documents related to the allegations of his complaint, and not documents related to other inmates or other institutions. Exhibits unrelated to the claims may be stricken.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims of retaliation against all defendants, and his Eighth Amendment claims against defendants Swarthout and Rosario, are dismissed for the reasons discussed above. Plaintiff is granted leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: June 19, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
fish0642.b1